```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


LORRAINE HOWARD FOR G.T. HOWARD,:

     Plaintiff,                 :

vs.                             :
                                   CIVIL ACTION 08-135-KD-M
MICHAEL J. ASTRUE,              :
Commissioner of
Social Security,                :

     Defendant.                 :
```

## REPORT AND RECOMMENDATION

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff[1] seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*). The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was heard on October 23, 2008. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be affirmed, that this action be dismissed, and that judgment be entered in favor of Defendant Michael J. Astrue and against Plaintiff Lorraine Howard for G.T. Howard.

This Court is not free to reweigh the evidence or substitute

---

[1] Though this action was actually filed on G.T. Howard's behalf by his grandmother, Lorraine Howard, (*see* Tr. 405-11), the Court will refer to the child as the Plaintiff.

its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the most recent administrative hearing, Plaintiff was seventeen years old and was in the ninth grade in a special education curriculum (Tr. 583-84).  In claiming benefits, Howard alleges disability due to mental retardation and left ear hearing loss (Doc. 12 Fact Sheet).

The Plaintiff filed a protective application for SSI on April 17, 2002 (Tr. 135-38).[2]  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Howard was not disabled (Tr. 19-38).  Plaintiff requested review of the hearing decision (Tr. 16-18) by the Appeals Council, but it was denied (Tr. 10-12).

---

[2]The Court notes that Plaintiff has previously filed several SSI applications, all unsuccessfully, as demonstrated by the administrative record (*see* Tr. 1, 22, 126-38).  As those previous applications were not reopened, and no challenge to that decision has been raised herein, the Court will not set out the specific procedural history of those applications.

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Howard alleges that the ALJ improperly determined that he did not meet the requirements of Listing 112.05D (Doc. 12).  Defendant has responded to—and denies—these claims (Doc. 13).

Howard claims that he meets the requirements of Listing 112.05D.  That listing, titled *Mental Retardation*, states the following in the introductory remarks:  "Characterized by significantly subaverage general intellectual functioning with deficits in adaptive functioning."  20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 112.05 (2008).  Subsection D requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant limitation of function."  20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 112.05D (2008).

In raising this claim, Plaintiff points to the report of Psychologist John W. Davis who examined him on August 22, 2006 (Tr. 548-54).  Davis noted no unusual mannerisms, tics, or gestures and that appearance, dress, grooming, and hygiene were all satisfactory; Howard had normal motor activity and attitude. Plaintiff had a flat mood and expression but communication and conversation were normal with no indication of rapid, slow, pressured, mumbled, or slurred speech; he was oriented to person and place, but not to time.  The Psychologist stated that Howard

3

"was able to handle Serial 3's without difficulty.  He can make simple change and do simple arithmetic.  He can count backwards from 20 to 1 without difficulty.  He can spell 'world' backwards" (Tr. 549); Davis found "no indications of deficits in his overall concentration or attention" (*id.*).  Howard's immediate, recent, and remote memory were all good; he had "no loose associations, tangential or circumstantial thinking" (Tr. 550).  While Plaintiff's overall thought processes were simple and limited, there was no confusion.  The Psychologist characterized his insight and judgment as fair.  Davis administered the WAIS-III on which Howard scored a verbal IQ of 77, a performance IQ of 68, and a full Scale IQ of 70; the Psychologist thought the results were both reliable and valid.  Davis diagnosed Howard to suffer from borderline intellectual functioning with a guarded prognosis; he went on to make the following observations:

> It is this examiner's opinion that the claimant's ability to function in an age appropriate manner, cognitively, communicatively, and socially are moderately impaired.  His capacity to show concentration, persistence, and pace in an age appropriate manner are moderately impaired.  It is this examiner's opinion that the claimant's presentation of today's evaluation is valid, relative to the history and observation from other sources.
> This claimant has the ability to do simple, routine, repetitive type tasks.  He can get along with others.  He cannot manage any benefits that may be forthcoming.

(Tr. 552).  The Psychologist also completed a mental medical source opinion form in which he found Plaintiff moderately—but only moderately—limited in his ability to do everything, which was set out as follows:  respond appropriately to supervisors, co-workers, and customers or other members of the general public; use judgment in simple, detailed, or complex work-related decisions; deal with changes in a routine work setting; understand, remember, and carry out simple, detailed, or complex instructions; maintain attention, concentration or pace for periods of at least two hours; and maintain social functioning and activities of daily living.

   The ALJ summarized Davis's report, as well as the other evidence of record, and assigned "determinative weight" to the findings and conclusions therein (Tr. 31).  The ALJ also found that Howard had severe impairments of borderline intellectual functioning and mild hearing loss in his left ear, though he found that neither met the Listing requirements (Tr. 29).

   Howard has argued that the ALJ's findings satisfy the criteria for Listing 112.05D.  The Court admits that this conclusion could be easily drawn without carefully examining the evidence.

   The Court first notes that Psychologist Davis diagnosed Plaintiff to have borderline intellectual functioning—not mental retardation.  The Court takes judicial notice of Davis's career

as a Psychologist, noting that his opinions regarding psychological profiles and abilities have repeatedly appeared in social security transcripts since the Undersigned has been reviewing those files; having said that, the Court further notes that Davis recognizes the difference between mental retardation and borderline intellectual functioning and would have diagnosed the former if that is what he had found.

The Court also notes that although the ALJ characterized Howard's mild left-ear hearing loss as a severe impairment, the medical record shows that no hearing aid—or any other treatment—was prescribed for it (Tr. 333-40).  School records have provided no indication that Plaintiff's mild hearing loss has affected his ability to perform his school work (*see* Tr. 255, 461, 474, 484; *see generally* Tr. 234-91, 450-501, 505).

In *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), the Eleventh Circuit Court of Appeals held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir. 1985); *cf*. 20 C.F.R. § 404.1521(a)

(2008).[3]  The eleventh circuit has gone on to say that "[t]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality."  *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  Under SSR 96-3p, "evidence about the functionally limiting effects of an individual's impairment(s) must be evaluated in order to assess the effect of the impairment(s) on the individual's ability to do basic work activities."  The Court finds that Howard has not demonstrated that his mild hearing loss has impacted his ability to complete his school work.[4]

The Court next notes that Psychologist Davis determined that Howard had only moderately limited "deficits of adaptive functioning."  *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 112.05.  The ALJ analyzed the six domains of function and found that Plaintiff had "less than marked limitation" in all of them (*see* Tr. 32-37).  These findings result in a failure to meet functional equivalence under the regulations.  20 C.F.R. § 416.926a(a) (2008) (*Functionally equalling the Listing* means that

---

[3] "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

[4] The Court acknowledges that this conclusion is in conflict with the ALJ's finding that the hearing loss was a severe impairment, but the evidence clearly shows that Howard's mild hearing loss has not affected his ability to perform in the classroom.

the impairments "must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain"). Plaintiff has provided no argument as to how the ALJ has erred in this analysis.[5]

Howard has raised a single claim in bringing this action. Though his assertion that he meets the requirements of Listing 112.05D appears, on first blush, to have merit, a closer inspection of the ALJ's opinion and the record evidence demonstrates to this Court that the ALJ's opinion is supported by substantial evidence. Plaintiff's claim otherwise is without merit.

Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is recommended that the Secretary's decision be affirmed, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), that this action be dismissed, and that judgment be entered in favor of Defendant Michael J. Astrue and against Plaintiff Lorraine Howard for G.T. Howard.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION

---

[5]Though Plaintiff argued, at oral argument before this Court, that the ALJ had not addressed this issue and that it had only recently been brought up by the Government in brief, the Court finds that the ALJ has adequately addressed the issue of adaptive functioning (Tr. 32-36).

<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination

that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 24th day of October, 2008.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
